**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
JOHN T. JASNOCH (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

*Counsel for Lead Plaintiff Movants*
*Don Paul Corbin & Mohamad Rizka*

[Additional Counsel on Signature Page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN RYAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>FIGS, INC., HEATHER HASSON, CATHERINE SPEAR, DANIELLA TURENSHINE, J. MARTIN WILLHITE, and JEFFREY D. LAWRENCE,<br><br>                              Defendants. | Case No. 2:22-cv-07939-ODW-KS<br><br>**NOTICE OF MOTION & MOTION OF PLAINTIFFS DON PAUL CORBIN & MOHAMAD RIZKA FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Date:         February 6, 2023<br>Time:         1:30 p.m.<br>Courtroom:  5D<br>Judge:        Hon. Otis D. Wright, II |

[Caption continued on next page.]

| | |
|---|---|
| CITY OF HALLANDALE BEACH POLICE OFFICERS AND FIREFIGHTERS' PERSONNEL RETIREMENT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>FIGS, INC., TULCO, LLC, THOMAS TULL, HEATHER HASSON, CATHERINE SPEAR, DANIELLA TURENSHINE, J. MARTIN WILLHITE, JEFFREY D. LAWRENCE, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, GUGGENHEIM SECURITIES, LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., OPPENHEIMER & CO. INC., TELSEY ADVISORY GROUP LLC, ACADEMY SECURITIES, INC., SEELAUS & CO., LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO. LLC,<br><br>          Defendants. | Case No. 2:22-cv-08912-ODW-KS |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION.................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED ............................................2

MEMORANDUM OF POINTS AND AUTHORITIES........................................2

I.      INTRODUCTION ...................................................................................2

II.     FACTUAL BACKGROUND ..................................................................3

III.    ARGUMENT ...........................................................................................5

        A.    The Above-Captioned Related Cases Should Be Consolidated.5

        B.    Movants Should Be Appointed Co-Lead Plaintiffs...................5

              1.    Movants' Motion Is Timely .............................................5

              2.    Movants Have the Largest Financial Stake in the
                    Relief Sought by the Class ...............................................6

              3.    Movants Are Otherwise Qualified Under Rule 23...........7

        C.    The Court Should Approve Movants' Choice of Counsel .........9

IV.     CONCLUSION .....................................................................................11

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
 586 F.3d 703 (9th Cir. 2009) ................................................................. 9

*Cornwell v. Credit Suisse Grp.*,
 2011 WL 13263367 (S.D.N.Y. July 20, 2011) ................................... 10

*Dolan v. Axis Cap. Holdings Ltd.*,
 No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ........... 5

*Feyko v. Yuhe Int'l Inc.*,
 No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ............ 7

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ....................................................... 7, 9, 10

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ............................................................... 10

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................... 7

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990) ................................................................ 5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
 136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................ 7

*Lax v. First Merchants Acceptance Corp.*,
 No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................. 7

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
 No. 13-CV-05368, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ....... 6

*Richardson v. TVIA, Inc.*,
 No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .......... 6, 7

*Russo v. Finisair Corp.*,
 No. 5-CV-11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ..... 8

*Weltz v. Lee*,
 199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................... 5

*Westley v. Oclaro, Inc.*,
 No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ........... 8, 9

i

**Statutes, Rules, and Regulations**

15 U.S.C.
§77z-1(a)(3)(B) ............................................................................................ 2, 7
§77z-1(a)(3)(B)(iii) ........................................................................................... 2
§77z-1(a)(3)(B)(iii)(cc) ...................................................................................... 7
§77z-1(a)(3)(B)(v) ............................................................................................. 2
§78u-4(a)(3)(A)(i) .............................................................................................. 5
§78u-4(a)(3)(A)(i)(II) ........................................................................................ 6
§78u-4(a)(3)(A) .................................................................................................. 6
§78u-4(a)(3)(B) ........................................................................................... 2, 6, 7
§78u-4(a)(3)(B)(i) .............................................................................................. 6
§78u-4(a)(3)(B)(iii) ............................................................................................ 2
§78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................. 6
§78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................. 7
§78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................. 9
§78u-4(a)(3)(B)(v) ......................................................................................... 2, 9

Federal Rules of Civil Procedure
Rule 23 ..................................................................................................... *passim*
Rule 23(a) ...................................................................................................... 7, 8
Rule 23(a)(3) ...................................................................................................... 8
Rule 42(a) ...................................................................................................... 2, 5

**Other Authorities**

7 Newberg and Rubenstein on Class Actions (6th ed.)
§23.21 .................................................................................................................. 8

1

## **NOTICE OF MOTION AND MOTION**

2   TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

3          PLEASE TAKE NOTICE that Co-Lead Plaintiff movants and putative Class

4   members Don Paul Corbin ("Corbin") and Mohamad Rizka ("Rizka," and with

5   Corbin, "Movants"), by and through their undersigned counsel, hereby move this

6   Court in Courtroom 5D of the U.S. District Court for the Central District of

7   California, 350 West 1st Street, Los Angeles, California, on February 6, 2023, at

8   1:30 p.m., or as soon thereafter as the matter may be heard, for the entry of an

9   order: (1) consolidating the above-captioned related actions; (2) appointing

10  Movants as Co-Lead Plaintiffs for the putative Class pursuant to the Private

11  Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*;

12  and (3) approving their selection of Scott+Scott Attorneys at Law LLP

13  ("Scott+Scott") as Lead Counsel for the putative Class.

14          This motion is made on the grounds that Movants timely filed this motion

15  and they are the most adequate plaintiffs.  Based on the information presently

16  available, Movants have the largest financial interest in the relief sought by the

17  Class amongst all other movants for lead plaintiff and meet the requirements of

18  Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as their claims are

19  typical of the claims of the Class and they will fairly and adequately represent the

20  interests of the Class.  In addition, Movants have selected and retained Scott+Scott,

21  a law firm with substantial experience in prosecuting securities class actions, to

22  serve as Lead Counsel.  Further, the above-captioned cases are sufficiently similar

23  such that they should be consolidated and proceed together.

24          This motion is based on this notice of motion and memorandum of points

25  and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed

26  concurrently herewith and in support hereof, including Exhibits A-E attached

27

28                                                     1

thereto, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1.     Whether the Court should consolidate the above-captioned cases pursuant to Fed. R. Civ. P. 42(a);

2.     Whether the Court should appoint Movants as Co-Lead Plaintiffs pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B) and Section 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), both as amended by the PSLRA; and

3.     Whether the Court should approve Movants' selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v) and §77z-1(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (which amended both the Exchange Act and the Securities Act), the movants with the largest financial interest in the relief sought by the class, who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), are presumed to be the "most adequate plaintiff[s]" – *i.e.*, the plaintiffs most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(iii) (Exchange Act); 15 U.S.C. §77z-1(a)(3)(B)(iii) (identical Securities Act provision).  The PSLRA provides that a court shall appoint the most adequate movants as lead plaintiffs.  *Id*.  Corbin & Rizka are the "most adequate" movants, as defined by the PSLRA, and should be appointed as Co-Lead Plaintiffs based on the financial losses they suffered as a result of Defendants' wrongful conduct, as alleged in both of the above-captioned actions.  Moreover, Corbin & Rizka satisfy

the relevant requirements of Rule 23, as their claims are typical of other Class members' claims, and they will fairly and adequately represent the interests of the Class. In addition, Corbin & Rizka's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to efficiently and effectively prosecute the above-captioned actions.

## II.    FACTUAL BACKGROUND

On November 1, 2022, a putative class action was filed in this District, captioned *Ryan v. Figs, Inc., et al.*, No. 2:22-cv-07939 (the "*Ryan* Action"), on behalf of all persons or entities that purchased or otherwise acquired: (i) FIGS, Inc. ("FIGS" or the "Company"), securities between May 27, 2021 and May 12, 2022, inclusive (the "Class Period"); and/or (ii) FIGS stock pursuant and/or traceable to the Offering Documents (as defined therein) issued in connection with FIGS' initial public offering (the "IPO"), asserting claims under §§11 and 15 of the Securities Act and §§10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.  ¶¶1, 11.[1]  Then, on December 8, 2022, a similar action was filed in this District, on behalf of the same class and with the same Class Period, as well as on behalf of those who purchased FIGS Class A common stock pursuant and/or traceable to the Company's underwritten secondary public offering (the "SPO") conducted on or about September 16, 2021, captioned *City of Hallandale Beach Police Officers' and Firefighters' Personnel Retirement Trust v. Funko, Inc., et al.*, No. 2:22-cv-08912 (the "*Hallandale* Action").  These two

---

[1]    All "¶" and "¶¶__" citations refer to the Class Action Complaint for Violations of the Federal Securities Laws filed in the *Ryan* Action on November 1, 2022 (ECF No. 1) (the "Complaint").

3

NTC OF MOT. & MOT. OF DON PAUL CORBIN AND MOHAMAD RIZKA FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; (2) APPROVAL OF SELECTION OF LEAD COUNSEL; MEM. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 2:22-cv-07939

related pending actions bring nearly identical claims, on behalf of a nearly identical class of investors, against substantially similar defendants.[2]

FIGS is a direct-to-consumer healthcare apparel and lifestyle brand that primarily sells its products in the United States through the Company's digital platforms.  ¶3.  On June 1, 2021, FIGS announced the closing of its IPO through which it made available 30,344,317 shares to the investing public at $22 per share. ¶4.  According to the pending complaints, throughout the Class Period including in the Registration Statement used to effectuate the Company's IPO, FIGS and the other named defendants touted the Company's real-time customer data that purportedly allowed it to "reliably predict buying patterns," which in turn would lead to "operational efficiencies throughout [the Company's] supply chain."  ¶28. In reality, however, the Company's data did not provide it with the predictable ability to discern buying patterns and provide sufficient lead time on its supply. ¶29.  Rather, FIGS was increasingly turning to air freight, a more costly alternative to its normal ocean shipping method, in order to meet customer needs.  *Id.*

On May 12, 2022, the Company announced disappointing results and slashed its expected sales, gross margin, and adjusted earnings before interest, taxes, depreciation, and amortization ("EBITDA") because of "supply chain" issues.  ¶¶9, 49.  FIGS also admitted that not only did it continue to rely on air freight during the first quarter of 2022, but that "[f]or the rest of the year, we plan to significantly increase our use of airfreight to reduce our exposure to these

---

[2]     The *Hallandale* Action named the following individuals or entities as additional defendants: Tulco, Inc., Thomas Tull, Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, BofA Securities, Inc., Cowen and Company, LLC, Guggenheim Securities, LLC, KeyBanc Capital Markets Inc., Piper Sandler & Co., Oppenheimer & Co. Inc., Telsey Advisory Group LLC, Academy Securities, Inc., Seelaus & Co., LLC, Samuel A. Ramirez & Company, Inc., and Siebert Williams Shank & Co. LLC. The *Hallandale* Action also asserts a claim under §12 of the Securities Act.

1   unpredictable transit times." ¶9. On this news, the Company's stock price fell

2   $3.21 per share, approximately 25%, to trade at $9.64 per share.

## III.   ARGUMENT

### A.   The Above-Captioned Related Cases Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). "'In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also Dolan v. Axis Cap. Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The two above-captioned actions present very similar factual and legal issues and allege the same violations of the federal securities laws against substantially similar Defendants, and on behalf of very similar classes. Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

### B.   Movants Should Be Appointed Co-Lead Plaintiffs

#### 1.   Movants' Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of the *Ryan* Action, on November 1, 2022, Plaintiff Sean Ryan published notice of pendency of the action via *Business Wire*. *See*

5

NTC OF MOT. & MOT. OF DON PAUL CORBIN AND MOHAMAD RIZKA FOR: (1) CONSOLIDATION OF RELATED
ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; (2) APPROVAL OF SELECTION OF LEAD COUNSEL;
MEM. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 2:22-cv-07939

Jasnoch Decl., Ex. A.  Because the Early Notice was published within 20 days of the initiation of the *Ryan* Action, notice was timely.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").[3]

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or January 3, 2022.[4]  15 U.S.C. §78u-4(a)(3)(A)-(B).  Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Moreover, Movants have submitted certifications stating their willingness to serve as representative parties on behalf of the Class.  *See* Jasnoch Decl., Ex. B.

### 2. Movants Have the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the . . . members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff[s]') in accordance with this subparagraph."  15 U.S.C. §78u-4(a)(3)(B)(i).  Furthermore, there is a "[rebuttable] presumption that the most adequate plaintiff[s] in any private action arising under this [title]" are the movants that "ha[ve] the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16,

---

[3]    Unless otherwise noted, emphasis is added and citations are omitted.

[4]    Because 60 days from November 1, 2022, is Saturday, December 31, 2022, and New Year's Day is observed on Monday, January 2, 2023, Tuesday, January 3, 2023, is the appropriate lead plaintiff deadline.

6

2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). "District courts have typically considered the 'Olsten–Lax' factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) (internal quotations omitted).  "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff[s] with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movants have the largest financial interest in the relief sought in this litigation.  Movants suffered losses of approximately $299,949.29, combined.  *See* Jasnoch Decl., Ex. C.  Given that Movants have the largest financial interest in this litigation and, as discussed below, otherwise satisfy all of the PSLRA prerequisites for appointment as co-lead plaintiffs, Corbin & Rizka should be appointed Co-Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B).

### 3.     Movants Are Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act and §27 of the Securities Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."   15  U.S.C.  §78u-4(a)(3)(B)(iii)(I)(cc);  15  U.S.C.  §77z-1(a)(3)(B)(iii)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is

7

so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiffs and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage). Movants go beyond this requirement and provide a joint declaration further demonstrating their adequacy to represent the Class. *See* Jasnoch Decl., Ex. D.

The typicality requirement of Rule 23(a)(3) is satisfied when the representative parties "'ha[ve] suffered the same injuries as other class members as a result of the same conduct by defendants and ha[ve] claims based on the same legal issues.'" *Id.* Here, Movants' claims are typical of the claims of the other members of the putative Class because, like all other Class members, Movants: (1) purchased FIGS securities during the Class Period; (2) were adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5-CV-11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movants are based on the same legal theories and arise "from the same event, practice, or course of conduct that gives rise to the claims of other class

8

1   members," typicality is satisfied.  *See* §23.21.  Rule 23(a)(3) typicality requirement

2   – Generally, 7 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS §23.21 (6th ed.).

3     With respect to adequacy, movants are adequate class representatives when

4   they possess common interests and have an absence of conflicts with fellow class

5   members, and their attorneys are qualified, experienced, and vigorously able to

6   conduct the litigation.  *See Westley*, 2011 WL 4079178, at \*2 (explaining that, with

7   regard to the adequacy requirement, a court must evaluate '"whether: (1) the lead

8   plaintiff's claims conflict with those of the class; and (2) class counsel is qualified,

9   experienced, and generally able to conduct the litigation'"").  Movants satisfy the

10  "adequacy" requirement in the instant litigation because their interests are clearly

11  aligned with the interests of the putative Class.  Moreover, Movants, like all other

12  members of the Class, suffered losses as a result of purchasing FIGS securities at

13  prices that were artificially inflated due to Defendants' alleged misconduct.

14  Movants will, therefore, benefit from the same relief as other Class members.  In

15  short, there is absolutely no evidence of antagonism between Movants and the

16  putative Class.

17    Movants have also demonstrated that they are adequate representatives by

18  retaining competent and experienced counsel.  As shown below, Scott+Scott is

19  highly qualified and experienced, and is able to conduct this complex litigation in a

20  professional manner.  Accordingly, Movants have made a *prima facie* showing that

21  they satisfy all of the requirements of Rule 23 for purposes of their motion.

22  **C.**  **The Court Should Approve Movants' Choice of Counsel**

23    The PSLRA vests authority in the lead plaintiffs to select and retain lead

24  counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v);

25  *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead

26  plaintiffs' choice of counsel unless necessary to "protect the interests of the

27  class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for*

28

9

*the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice[]") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Corbin & Rizka have selected the law firm of Scott+Scott to represent the class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Jasnoch Decl., Ex. E.  Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and has recovered hundreds of millions of dollars for victims of corporate fraud.[5]

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case.  Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class.  Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

---

[5]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

10

1   No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

2       Scott+Scott currently serves as court-appointed lead or co-lead counsel in

3   various federal securities class actions, including: *See, e.g.*, *Jochims v. Oatly Grp.*

4   *AB*, No. 21-cv-6360 (S.D.N.Y.); *Marechal v. Acadia Pharmaceuticals Inc.*, No.

5   3:21-cv-762 (S.D. Cal.); *Gupta v. Athenex, Inc.*, No. 21-cv-337 (W.D.N.Y.);

6   *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics,*

7   *Inc.*, No. 8:19-cv-2713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812

8   (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115 (N.D. Ohio); *Silverberg*

9   *v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana*

10  *Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

11      In light of the foregoing, the Court should approve Movants' selection of

12  Scott+Scott as Lead Counsel.  The Court can be assured that by approving Corbin

13  & Rizka's choice of counsel, the putative Class will receive the highest caliber of

14  representation.

15  **IV.    CONCLUSION**

16      For all of the foregoing reasons, Corbin & Rizka respectfully request that the

17  Court: (1) consolidate the above-captioned related actions; (2) appoint Movants as

18  Co-Lead Plaintiffs; and (3) approve their selection of Scott+Scott to serve as Lead

19  Counsel.

20  DATED:  January 3, 2023          Respectfully submitted,

21                                  **SCOTT+SCOTT**
                                    **ATTORNEYS AT LAW LLP**
22

23                                  s/ John T. Jasnoch
                                    JOHN T. JASNOCH (CA 281605)
24                                  jjasnoch@scott-scott.com
                                    600 W. Broadway, Suite 3300
25                                  San Diego, CA 92101
                                    Telephone: (619) 233-4565
26                                  Facsimile:  (619) 233-0508

27                                  – and –

28

1  THOMAS L. LAUGHLIN, IV
   (to be admitted *pro hac vice*)
2  tlaughlin@scott-scott.com
   RHIANA L. SWARTZ
3  (to be admitted *pro hac vice*)
   rswartz@scott-scott.com
4  JONATHAN M. ZIMMERMAN
   (to be admitted *pro hac vice*)
5  jzimmerman@scott-scott.com
   The Helmsley Building
6  230 Park Avenue, 17th Floor
   New York, NY 10169
7  Telephone: (212) 223-6444
   Facsimile:  (212) 223-6334
8
   *Attorneys for Lead Plaintiff Movants Don*
9  *Paul Corbin & Mohamad Rizka and*
   *Proposed Lead Counsel for the Class*
10
   BRIAN SCHALL
11 brian@schallfirm.com
   **THE SCHALL LAW FIRM**
12 2049 Century Park East, Suite 2460
   Los Angeles, CA 90067
13 Telephone: 310-301-3335
   Facsimile:  310-388-0192
14
   *Additional Counsel for Lead Plaintiff*
15 *Movants Don Paul Corbin & Mohamad*
   *Rizka*
16
17
18
19
20
21
22
23
24
25
26
27
28

NTC OF MOT. & MOT. OF DON PAUL CORBIN AND MOHAMAD RIZKA FOR: (1) CONSOLIDATION OF RELATED
ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; (2) APPROVAL OF SELECTION OF LEAD COUNSEL;
MEM. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 2:22-cv-07939

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on January 3, 2023, at San Diego, California.

 s/ John T. Jasnoch
JOHN T. JASNOCH (CA 281605)

13

1

## **CERTIFICATE OF COMPLIANCE PER LOCAL RULE 11-6.2**

2

The undersigned, counsel of record for Co-Lead Plaintiff movants and

3 putative Class members Don Paul Corbin and Mohamad Rizka, hereby certifies

4 that this brief contains 3,366 words, which complies with the word limit of L.R.

5 11-6.1.

6

Executed on January 3, 2023, at San Diego, California.

7

s/ John T. Jasnoch

8

JOHN T. JASNOCH (CA 281605)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14